[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Christopher Pronger appeals the decision of the defendant commissioner of motor vehicles suspending his operator's license for one year pursuant to General Statutes §§ 14-111c and 14-227a. The commissioner found that the plaintiff had been convicted of driving under the influence of alcohol in the state of Ohio. The commissioner determined that under the Driver License Compact, codified at General Statutes § 14-111c, the plaintiff was subject to a one year suspension of his operator's license. Plaintiff appeals pursuant to General Statutes §§ 14-134 and 4-183. The court finds the issues in favor of the defendant commissioner.
The facts essential to the court's decision are undisputed and fully reflected in the record. On April 18, 1994, the plaintiff was convicted of driving under the influence of alcohol in the state of Ohio. Pursuant to the terms of the Driver License Compact, the state of Ohio sent notification to the Connecticut department of motor vehicles on May 8, 1994. Ohio and Connecticut are both member states under the Compact.
Upon receipt of the notice from Ohio, the Connecticut department sent the plaintiff a "Suspension Notice" dated May 31, 1994, informing the plaintiff that his Connecticut driver's license was being suspended for a period of one year pursuant to General Statutes § 14-111c.
On July 28, 1994, the department conducted a hearing CT Page 10185 on the license suspension hearing before a hearing officer designated by the commissioner. Following the hearing, the hearing officer rendered a final decision in behalf of the commissioner. The hearing officer found that the plaintiff had been convicted under Ohio Revised Code § 4511.191, an Ohio Statute that prohibits driving under the influence of alcohol. Accordingly, the hearing officer ordered a suspension of the plaintiff's license for one year pursuant to General Statutes § 14-111c. The specific basis of the suspension was the provision in General Statutes § 14-111c, Article IV(a), requiring that the commissioner "shall give the same effect to the conduct reported . . . as (the commissioner) would if such conduct had occurred in (Connecticut), in the case of convictions for . . . (2) Driving a motor vehicle while under the influence of intoxicating liquor . . . ." The hearing officer noted that the penalty upon conviction of driving under the influence of alcohol in Connecticut includes suspension of the person's license for one year. See General Statutes § 14-227a(h).
The plaintiff advances five principal arguments as the bases of its appeal: (1) that the commissioner's decision should be reversed because it was based on the plaintiff's conviction in Ohio, rather than on the underlying conduct as required by § 14-111c; (2) that the Ohio statute is not substantially similar to General Statutes § 14-227a as required by the Compact; (3) that the notification that Ohio sent to the Connecticut department is deficient under the statute; (4) that the one year suspension violates the policies of the Compact; and (5) that the suspension violates the double jeopardy clauses of the United States and Connecticut constitutions.
The court has reviewed the entire record of the administrative proceedings, including the notifications from Ohio. In addition, the briefs submitted to the court by the parties are thorough and extremely helpful.
ISSUE (1) — CONVICTION/CONDUCT
With respect to issue (1), above, the plaintiff first argues that the text of the hearing officer's final decision shows that she did not consider the underlying CT Page 10186 conduct that resulted in the plaintiff's conviction in Ohio, but rather focused merely on the fact that the plaintiff was convicted of a drunk driving offense. He argues that the statute requires the hearing officer to analyze the facts of the underlying conduct that occurred in the foreign state and then determine what penalty, if any, would be required in Connecticut if the same conduct occurred here.
It is true that the hearing officer's decision, in its findings of fact, does not refer to the plaintiff's conduct in the Ohio incident, but merely refers to the fact of his conviction in that state for driving under the influence. However, section 14-111c, Article IV(a), is operable only "in the case of convictions." The finding that the plaintiff was convicted of drunk driving in Ohio was, therefore, a necessary element in the decision to suspend the plaintiff's license in Connecticut.
The court does not consider the hearing officer's failure to articulate a finding with regard to the plaintiff's actual conduct in the Ohio incident to be sufficient basis for reversal of the decision. The record in this case contains adequate evidence of the conduct that led to the plaintiff's conviction. "State's Exhibit A," the notice sent by Ohio to the Connecticut department advises of the conviction for "DUI-ALCOHOL/LIQUOR." In addition, "Respondent's Exhibit 1" is the notification sent to the plaintiff by the Ohio Bureau of Motor Vehicles. It states that the basis of the charge against the plaintiff was that he was operating a motor vehicle with a "concentration of .10% or above blood alcohol content." Taken together, these documents would be sufficient evidence to support a finding that the underlying conduct was the plaintiff's operation of a motor vehicle when the alcohol concentration in his blood was .10% or more and that this led to his conviction for driving under the influence of alcohol.
General Statutes § 4-183 (j) provides that "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are . . . clearly CT Page 10187 erroneous in view of the reliable, probative, and substantial evidence on the whole record." Furthermore, "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Conn. Light Power Co. v. Dept. of Public Utility Control, 219 Conn. 51,57-58 (1991). Under the circumstances of this case, the court cannot conclude that the failure of the hearing officer to articulate the specific conduct that led to the plaintiff's conviction resulted in substantial prejudice to the plaintiff, nor was that failure an indication that the hearing officer acted arbitrarily or in abuse of her discretion.
The second prong of the plaintiff's argument concerning the implementation of Article IV(a) is that if the plaintiff had committed the same conduct in Connecticut — that is, driven a motor vehicle while his alcohol/blood ratio exceeded .10% — he would have been eligible to participate in the alcohol education program under General Statutes § 54-56g. Such participation, if successful, would result in the dismissal of criminal charges in Connecticut without license suspension. Therefore, the plaintiff argues, the hearing officer wrongly concluded that the effect of the Ohio conduct, if committed in Connecticut, would be the suspension of his license for one year.
The problem with the plaintiff's argument is that participation in the alcohol education program is, first, voluntary on the part of the defendant; second, entirely within the discretion of the court; and third, requires the defendant's active participation over a period of one year for successful completion. In short, the possible availability of the alcohol education program as an alternative to conviction is entirely speculative. The plaintiff might just as well argue that, notwithstanding his conduct, he could be found not guilty after a trial. In that event, he would not suffer any penalty and would not undergo the education program either.
The court concludes that the only reasonable way to interpret Article IV(a), in the context of the CT Page 10188 plaintiff's arguments in this case, is that it requires the commissioner to impose the same penalty that would be required if the person were convicted in Connecticut on the basis of the same conduct that was the basis of the conviction in the foreign state. To read the statute otherwise, as urged by the plaintiff, would render it virtually unenforceable.
ISSUE (2) — SIMILARITY OF STATUTES
The plaintiff claims that the Ohio and Connecticut drunk driving statutes are not substantially similar and, therefore, Article IV of the Compact does not permit Connecticut to penalize him on account of his conviction under the Ohio Statute. Without going into the intricacies of the argument, it is sufficient to determine that the statutes of the two states are substantially similar.
Both the Connecticut statute and the Ohio statute make it an offense to operate a motor vehicle while under the influence of alcohol or drugs. In the Connecticut statute, the relevant language is "under the influence of intoxicating liquor or any drug or both." General Statutes § 14-227a(a). In the Ohio statute, the language is "under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Ohio Revised Code § 4511.19(A)(1). The conduct prohibited by both statutes specifically includes operating a vehicle when the driver's alcohol/blood ratio is .10% or more by weight, the so-called "per se" test. The distinctions in terminology are insignificant; the conduct prohibited is identical in each statute. The Connecticut statute spells out more procedural safeguards than does its Ohio counterpart, but that circumstance has no relevance to the determination of the effect required to be given in Connecticut to an Ohio conviction. In particular, the Compact does not require or even suggest that the defendant commissioner should evaluate the validity of a foreign conviction. The court concludes that there is no merit in the plaintiff's arguments in this regard.
ISSUE (3) — DEFECTIVE NOTICE
The plaintiff argues that the notice that Ohio sent CT Page 10189 to the Connecticut department did not fully comply with article III of the Compact. Inasmuch as the plaintiff was not the recipient of the notice, he was not prejudiced by its shortcomings, if any. He asserts, however, that its noncompliance should make it either inadmissible at the administrative hearing or of little weight in the hearing officer's deliberations. There is no merit to these arguments.
General Statutes § 4-178 provides that "(a)ny oral or documentary evidence may be received" at the administrative hearing of a contested case, and our courts have held that this includes even hearsay evidence so long as it is reliable and probative. Cassella v.Civil Service Commission, 4 Conn. App. 359, 362 (1985); aff'd 202 Conn. 28, 33 (1987). There is nothing to suggest that the notice in question is not exactly what it purports to be, nor does the plaintiff even assert that the information reported therein is not true. The court concludes that the notice is sufficiently reliable as to be admissible.
With respect to the weight to be given to the contents of the notice, the court again refers the parties to the rule that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." General Statutes § 4-183 (j).
ISSUE (4) — VIOLATION OF COMPACT
The plaintiff argues that it is the stated intention of the compact to accord reciprocal treatment in one state to the treatment received in the original state. Since the suspension of the plaintiff's license ordered in Connecticut is substantially longer than that which was ordered in Ohio, the plaintiff claims that the Connecticut action does not comport with the express purposes of the Compact. He offers no authority for this view, however. More importantly, he offers no authority for invalidating the Connecticut order on the basis that it is not precisely that same as the Ohio order. The argument may not be sustained.
ISSUE (5) — DOUBLE JEOPARDY
CT Page 10190
The plaintiff argues that the commissioner's suspension of his driver's license violates the double jeopardy clauses of the United States and Connecticut constitutions.
The double jeopardy clause of the fifth Amendment to the United States constitution provides that: "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb. . . ." U.S. Constitution, Amend. V. The United States Supreme Court has explained that the guarantees of the double jeopardy clause are three-fold: [1] it protects against a second prosecution for the same offense after acquittal, [2] it protects against a second prosecution for the same offense after conviction, and [3] it protects against multiple punishments for the same offense. See NorthCarolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072,23 L.Ed. 656 (1969). It is the third protection, against multiple punishments, that is at issue in the present appeal.
This constitutional guarantee is applicable to the states through the due process clause of thefourteenth amendment. Benton v. Maryland, 395 U.S. 784,89 S.Ct. 2056, 23 L.Ed. 707 (1969). In addition, although the Connecticut constitution does not include a specific double jeopardy provision, the court "has long recognized as a fundamental principle of common law that no one shall be put in jeopardy more than once for the same offense." State v. Langley, 156 Conn. 598, 600-01,244 A.2d 366 (1968), cert. denied, 393 U.S. 1069,89 S.Ct. 726, 21 L.Ed. 712 (1969). Therefore, the due process guarantees provided by article first, § 9 of the Connecticut constitution have been held to encompass the protection against double jeopardy. State v. Boyd,221 Conn. 685, 690, 607 A.2d 376, certiorari denied,113 S.Ct. 344, 121 L.Ed.2d 259 (1992).
The plaintiff's specific claim is that the license suspension in Connecticut, following the Ohio conviction and six month suspension in that state, constitutes an illegal second punishment for the same offense. He relies on a series of federal cases in support of this position; especially Montana Department of Revenue v. Kurth Ranch,
CT Page 10191511 U.S. 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); and United States v. Halper, 490 U.S. 435, 436-39,109 S.Ct. 1892, 104 L.Ed.2d 487 (1989).
There has been a spate of recent cases in the Superior Court concerning whether a civil or administrative penalty constitutes a punishment such that it may be barred by double jeopardy prohibitions. In the present case, however, the court concludes that it is not necessary to reach that issue. Assuming arguendo that the commissioner's suspending the plaintiff's license for one year constituted a punishment within the meaning of the double jeopardy provisions of the federal and state constitutions, the court is nevertheless of the opinion that the doctrine does not protect the plaintiff here.
An important exception to the prohibition against multiple punishments for the same offense is the doctrine of "dual sovereignty." The double jeopardy prohibition applies "only against a single sovereign authority. There is no constitutional prohibition against a state prosecution for the same acts which resulted in a federal prosecution; Bartkus v. Illinois, 359 U.S. 121 . . . (1959); or vice versa. Abbate v. United States, 359 U.S. 187. . . (1959)." State v. Haskins, 188 Conn. 432, 472
(1982). Furthermore, successive prosecutions by two states for the same conduct are not barred by the Double Jeopardy Clause of the Fifth Amendment. Heath v. Alabama,474 U.S. 82 (1985).
In Heath, the United States Supreme Court explained the rationale for the dual sovereignty exception as it applies in the case of prosecutions by two states for the same offense. "In applying the dual sovereignty doctrine, . . . the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two entities draw their authority to punish the offender from distinct sources of power. Thus, the Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own `inherent sovereignty,' not from the Federal Government . . . The States are no less sovereign with respect to each other than they are CT Page 10192 with respect to the Federal Government. . . . The States are equal to each other `in power, dignity and authority, each competent to exert that residuum of sovereignty not delegated to the United States by the Constitution itself.'" Id., 88-89.
In the present case, the issue before the court is whether the constitutional prohibition against double jeopardy bars "prosecution" of the plaintiff by both Ohio and Connecticut for the same offense. In accordance with the principles set forth above, the court concludes that the prior prosecution and imposition of penalties by the state of Ohio against the plaintiff does not bar the state of Connecticut from proceeding against him pursuant to § 14-111c. In reaching this conclusion, it is not necessary to decide and the court does not decide whether the license suspension imposed pursuant to that statute is punitive or remedial in nature.
For all of the reasons set forth above, the plaintiff's appeal is dismissed.