[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Patrick Bard, has brought this administrative appeal pursuant to General Statutes § 4-183 from a decision of the defendant, Commissioner, State of Connecticut, Department of Motor Vehicles ("DMV"), which ordered the plaintiffs operator's license suspended for a period of one year. The plaintiff, who is aggrieved, contends that the license suspension was improper under General Statutes § 14-1111c, the Driver CT Page 7723 License Compact. This court finds the issues in favor of the defendant, DMV.
The following are the relevant facts and procedural history. On February 11, 1998, at 5:46 p. m., in Waterville, Maine, the plaintiff, Patrick E. Bard, was arrested by Officer Brian McGrath, Waterville, Maine Police Department, for the offense of operating under the influence of intoxicants (M.R.S.A. 29-A § 2411). Bard signed the uniform summons and complaint form and promised to appear in Maine District Court at Waterville on April 15, 1998. On that date, Bard, represented by counsel, plead not guilty to the charge. On May 20, 1998, the plaintiff changed his plea to guilty, was adjudicated guilty, and sentenced to three days in the Kennebec County jail (stayed to June 5, 1998), fined $400, and his right to operate a motor vehicle in the State of Maine was suspended for ninety days. On June 8, 1998, the Secretary of State, Adjudications, Bureau of Motor Vehicles, State of Maine mailed various court documents to the Connecticut DMV.
By letter dated July 31, 1998, the plaintiff was summoned to appear at a hearing at DMV in Wethersfield, to be held on Wednesday, September 23, 1998. The plaintiff was informed that the stated purpose of the hearing was "limited to whether you have been convicted of a serious motor vehicle violation in a member state jurisdiction of the Driver License Compact for which Connecticut is required to take suspension action." (Return of Record ("ROR"), Item 1, Notice of Hearing Letter.) September 23, 1998, an administrative hearing was conducted before Attorney Sharon Madden, the hearing officer. At that hearing, the plaintiff, who was represented by counsel, objected to the admission of State's Exhibit A, which contained the Maine court documents. (ROR, Item 2, Transcript, p. 3.) The plaintiff did not testify nor offer any other evidence at the hearing. On October 29, 1998, DMV issued its decision which suspended the plaintiffs Connecticut operator's license for a period of one year. This administrative appeal to the Superior Court from the DMV decision followed.
Here, the plaintiff raises two issues: first, was the Maine Uniform Summons and Complaint sufficiently reliable and probative to qualify as an exception to the hearsay rule and did it contain the requisite information under Article III of the Driver's License Compact, General Statutes § 14-111c; and second, did the Department of Motor Vehicles properly interpret General CT Page 7724 Statutes § 14-111c, the Driver License Compact, to suspend the plaintiffs license for one year? (Plaintiffs Brief, pp. 2-3.) The plaintiff advances a number of arguments under those two issues.
The plaintiff argues that the evidence admitted by the hearing officer is unreliable hearsay and is not probative. The evidence admitted by the hearing officer consists of a photocopy of the ticket (uniform summons and complaint), which contains the signature of the plaintiff, and a photocopy of the notice of suspension, containing the signatures of the plaintiff and the presiding judge. In addition to the plaintiffs signature on the first page of the uniform summons and complaint, the document contains background information concerning the offense, the signature of the arresting officer, Brian McGrath of the Waterville, Maine, Police Department, and the violation which was operating under the influence in violation of M.R.S.A. 29-A § 2411.[1] The second page of the Uniform Summons and Complaint indicates that the plaintiff first appeared in court represented by counsel on April 15, 1998 and entered a plea of not guilty. Thereafter, on May 20, 1998, the plaintiff changed his plea to guilty and there was a finding/judgment of guilty and a sentence imposed on the same date. That page is attested. Also, on May 20, 1998, the plaintiff signed a notice of suspension, as did the presiding judge/justice, which indicated that the plaintiffs right to operate in the State of Maine was suspended for a period of ninety days, citing Maine statutes. These documents were forwarded to the DMV in Connecticut by the Adjudications Section, Secretary of State, Bureau of Motor Vehicles, 29 State House Station, Augusta, Maine, on June 8, 1998.
It is important to note that the plaintiff, although he objected to the admission of the documents at the DMV hearing and continues to contest the admission of those documents, has never asserted that the information contained therein was incorrect, and never has denied that the signatures on the documents were his.
In Hickey v. Commissioner of Motor Vehicles, 170 Conn. 136,141 (1976), our Supreme Court stated: "In the particular situation considered here, the rule generally followed is that documents giving notice of conviction of a traffic violation, forwarded by the state in which the violation occurred, need not be formally exemplified to sustain the suspension or revocation of an operator's license by the home state. . . ." (Citation omitted.) Hickey involved a DMV suspension also arising from the CT Page 7725 State of Maine and involving DMV's use of a photocopy of the record of that conviction.
In the Superior Court, in another administrative appeal concerning a suspension also pursuant to General Statutes §14-111c, based upon an Ohio conviction, Judge Maloney rejected an argument concerning the admission of documentary evidence transmitted from Ohio stating "there is nothing to suggest that the matter in question is not exactly what is purports to be, nor does the plaintiff assert that the information reported therein is not true." Pronger v. Commissioner of Motor Vehicles, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705448 (September 22, 1995, Maloney, J.) (15 Conn. L. Rptr. 263). In a recent case involving a motor vehicle license suspension pursuant to General Statutes § 14-111c, based upon a Florida conviction for operating a motor vehicle while under the influence of alcohol, the Connecticut Appellate Court rejected an argument concerning the admissibility of the Florida documents based upon reliability and trustworthiness. In that case, the Appellate Court wrote:
 In so far as the plaintiff is arguing that exhibit B itself is inadmissible, we note that "[a]dmistrative tribunals are not strictly bound by the rules of evidence and., they may consider evidence which would normally be incompetent in a judicial proceeding, so long as the evidence is reliable and probative. . . . There is, moreover, no specific prohibition against hearsay evidence in the [UAPA], which provides that [a]ny oral or documentary evidence may be received, but [that] the agency shall, as a matter of policy, provide for the exclusion of irrelevant, immaterial or unduly repetitious evidence." (Citations omitted; internal quotation marks omitted.) Cassella v. Civil Services Commission, 4 Conn. App. 359, 362, 494 A.2d 909 (1985), affd, 202 Conn. 28, 519 A.2d 67 (1987).
 We conclude, as did the trial court, that the document bears sufficient indicia of reliability, including the signature of the plaintiff. The information contained on the uniform traffic citation was not disputed by the plaintiff nor was it irrelevant or immaterial.
Kostrzewski v. Commissioner of Motor Vehicles, 52 Conn. App. 326,331-32 (1999). of course, the instant case involves similar facts. CT Page 7726
Here, there is an abundance of material within the two contested documents that goes to their reliability as evidence. The plaintiffs signature appears on both the Maine ticket and notice of suspension. As well, the notice of suspension contains the signature of the presiding judge at the plaintiffs hearing, where the plaintiff changed his plea to guilty. As with the other cited authorities, there is nothing to suggest that the uniform summons and complaint and the notice of suspension are not what they purport to be, nor has the plaintiff asserted that the information contained therein was not true.
Next, the plaintiff argues that the admission of the documents violates the business records exception to the hearsay rule. While this argument was not advanced before the hearing officer, and has not been briefed here, the short answer to the plaintiffs argument is that the documents were not admitted as business records, an exception to the hearsay rule. The business record exception to the hearsay rules applies to trials before a trial court, not to administrative hearings. Accordingly, the plaintiffs argument fails.
The plaintiff also argues that the hearing officer improperly interpreted the Driver's License Compact, General Statutes §14-111c, to suspend the plaintiffs license. The plaintiff argues that the hearing officer received into evidence no evidence of the plaintiffs conduct but improperly substituted "conviction" for "conduct" in her third conclusion of law. (Plaintiffs Brief, p. 8.) However, "[u]nder the compact, it is the out of-state conviction that triggers the application of the "compact."'Kostrzewski v. Commissioner of Motor Vehicles, supra,52 Conn. App. 334. The plaintiff argues that the information contained within the documents received from Maine does not specifically state what his blood alcohol content ("BAC") was, and that therefore, DMV improperly interpreted General Statutes §14-111c to apply to him. However, it is clear that an administrative decision will be affirmed if there is substantial evidence in the administrative record to support the defendant's findings of basic fact and if the conclusion drawn from those facts is reasonable. O'Rourke v. Commissioner of Motor Vehicles,33 Conn. App. 501, 507 (1994); Connecticut Light and Power Co. v.Department of Public Utility Control, 216 Conn. 627, 639-640
(1990); Schallenkamp v. DelPonte, 29 Conn. App. 576, 580-581
(1992), affd, 229 Conn. 31 (1994). Moreover, the same cases hold that "Substantial evidence exists if the administrative record CT Page 7727 affords a substantial basis of fact from which the fact in issue can be reasonably inferred . . . (Citations omitted.) O'Rourke v.Commissioner of Motor Vehicles, supra, 507; Connecticut Light andPower Co. v. Department of Public Utility Control, supra, 639 640; Schallenkamp v. DelPonte, supra, 580-581.
In the present case, the record contains substantial evidence that the plaintiff failed the administered sobriety test, and that his BAC was at least .150% (.05% higher than that allowed by General Statutes § 14-227a). As part of his sentence on May 20, 1998, the plaintiff was ordered to pay a fine of $400. The State of Maine's criminal operating under the influence statute provides that a person with no previous OUI offenses within a ten year period shall receive a "fine of not less than $400, except that if the person failed to submit to a test, a fine of not less than $500." M.R.S.A. 29-A § 2411(5)(A)(1). The plaintiffs fine of $400 evidences that he took the test and failed, rather than refusing to take the test.
The plaintiff also questions whether the submitted evidence demonstrates that his BAC was higher than .10%, the legal limit in Connecticut, because Maine only required .08%. Again, M.R.S.A. 29-A § 2411(5) provides that a defendant shall be incarcerated for "[n]ot less than 48 hours" when, the person has a BAC level of .150% or more, was exceeding the speed limit by 30 miles per hour or more, eluded or attempted to elude an officer, or was operating with a passenger under sixteen years of age. See M.R.S.A. 29-A § 2411(5)(A)(3)(a)(i)-(iv). The plaintiff received, as part of his sentence on May 20, 1998, incarceration in the Kennebec County jail for a term of 3 days. The underlying Uniform Summons and Complaint completed by the arresting officer, detailed only one offense, operating under the influence. The Summons did not detail a speeding violation, nor a charge of eluding or trying to elude the arresting officer. There was no evidence of anyone being with the plaintiff, including a passenger under sixteen years of age. Therefore, based upon the evidence submitted, it can be reasonably inferred that the plaintiff received his sentence for having a BAC over .150%.
Both of these conclusions are reasonable inferences that can be made from the evidence submitted at the administrative hearing. Thus, had the plaintiff been in Connecticut, his BAC would have eclipsed that allowable under General Statutes § 14 227a by at least .05%. Accordingly, the plaintiffs BAC places him within the reach of General Statutes § 14-111c. CT Page 7728
The plaintiff next argues that the Maine statute for operating under the influence is not of a "substantially similar nature" to General Statutes § 14-227a as required by Article IV(c) of the Driver's License Compact, General Statutes §14-111c. This argument has recently been rejected by the Connecticut Appellate Court. Kostrzewski v. Commissioner of MotorVehicles, supra, 52 Conn. App. 343-44. In the present case, as in Kostrzewski. both Connecticut and the sending state, here Maine, are parties to the Compact. The Compact mandates that the party states, in this case Maine, identify those offenses that are substantially similar in nature to those listed in Article IV(a) of § 14-111c. Here, Maine sent the plaintiffs conviction to the Connecticut DMV pursuant to the Compact. No further finding that the offenses were substantially similar in nature is required.
Finally, the plaintiff contends that the one year suspension of the plaintiffs driver's license violates the stated policy of the Driver License Compact. The plaintiff appears to be suggesting that the Connecticut suspension was improper because it was longer than the ninety day suspension in Maine and had to be served after the Maine suspension. While complaining that DMV "has failed to act in a reciprocal manner" (Plaintiffs Brief, p. 17), the plaintiff apparently raises a double jeopardy issue. However, the double jeopardy prohibition applies only against a single sovereign authority. There is no constitutional prohibition against successive prosecutions by two states for conduct Heath v. Alabama, 474 U.S. 82 (1985). Again, the plaintiffs double jeopardy argument recently has been rejected by the Connecticut Appellate Court. See Kostrzewski v. Commissionerof Motor Vehicles, supra, 52 Conn. App. 345-48.
Based on all of the foregoing, the DMV decision to suspend the plaintiffs Connecticut operator's license for a period of one year will not be disturbed. The plaintiffs administrative appeal from the DMV is, therefore, dismissed.
Michael Hartmere, Judge